ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
HOLLY E. ESTES, ESQ.
Nevada Bar No. 11797
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
E-mail: mail@asmithlaw.com

Proposed Attorney for Debtor

*ELECTRONICALLY FILED*
*March 24, 2014*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

In Re:

AT EMERALD, LLC,

    Debtor,
_____/

Case No. BK-N-14-50331-BTB

Chapter 11

***EX PARTE* APPLICATION TO EMPLOY ATTORNEY FOR DEBTOR**

[No Hearing Required]

    Debtor, AT EMERALD, LLC, (the "Debtor") hereby applies to this Court for an Order appointing the Law Offices of Alan R. Smith as its attorneys of record, and respectfully represent:

    1.    Debtor is a Nevada limited liability company.

    2.    No trustee has been appointed and Debtor is currently operating as debtor-in-possession. Debtor is not sufficiently familiar with the rights and duties of a debtor-in-possession as to be able to plan and conduct proceedings without the aid of competent counsel.

    3.    Debtor has made careful and diligent inquiry into the qualifications and competence of the Law Offices of Alan R. Smith, and is advised that the attorneys employed by said law firm are admitted to practice in this Court and by reason of ability, integrity and professional experience, are capable of providing proper legal counsel to Debtor.

    4.    The Law Offices of Alan R. Smith do not hold or represent an interest adverse to the estate and the members thereof are disinterested persons as that phrase is defined in section 101(14)

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\AT Emerald, LLC\Employ\App Emply ARS 031814-dlg.wpd

of the Bankruptcy Code. Such employment is necessary and in the best interests of the Debtor and its estate.

5. The Law Offices of Alan R. Smith represent the Managing Member of the Debtor, Anthony Thomas, in a related case, Case No. 14-50333. Anthony Thomas is not a creditor of the Debtor and Debtor is not a creditor of Anthony Thomas.

6. To the best of Debtor's knowledge, the members of the Law Offices of Alan R. Smith have no connection with the Debtor, except as set forth in paragraph 5 above, any of its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

7. Debtor has engaged the services of the Law Offices of Alan R. Smith as its attorneys to commence the Chapter 11 bankruptcy proceeding, and have engaged such services subject to the approval of this Court. The Debtor believes that the employment of the Law Offices of Alan R. Smith is in the best interest of its estate and the Law Office of Alan R. Smith should be retained, pursuant to section 327 of the United States Bankruptcy Code. Said counsel will provide specific legal services to the Debtor in their role as counsel, including the following:

    a. Render legal advice with respect to the powers and duties of the Debtor that continues to operate its business and manage its properties as debtor-in-possession;

    b. Negotiate, prepare and file a plan or plans of reorganization and disclosure statements in connection with such plans, and otherwise promote the financial rehabilitation of the Debtor;

    c. Take all necessary action to protect and preserve the Debtor's bankruptcy estate, including the prosecution of actions on the Debtor's behalf in connection with this bankruptcy case, the defense of any actions commenced against the Debtor in connection with this bankruptcy case, negotiations concerning all litigation in which the Debtor is or will become involved in connection with this bankruptcy case, and the evaluation and objection to claims filed against the bankruptcy estate;

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\AT Emerald, LLC\Employ\App Emply ARS 031814-dlg.wpd    - 2 -

  d. Prepare, on behalf of the Debtor, all necessary applications, motions, answers, orders, reports and papers in connection with the administration of the Debtor's bankruptcy estate, and appear on behalf of the Debtor at all Court hearings in connection with the Debtor's bankruptcy case;

  e. Render legal advice and perform general legal services in connection with the foregoing bankruptcy case; and

  f. Perform all other necessary legal services in connection with this Chapter 11 case.

The Debtor has agreed that the Law Offices of Alan R. Smith shall be compensated for services at the following rates: Alan R. Smith, Esq. - $500.00 per hour and Associate Attorney Holly E. Estes, Esq. - $300.00 per hour; paraprofessional services as follows: Peggy L. Turk - $210.00 per hour and Debra L. Goss - $150.00 per hour; and other paraprofessional services at $130.00 per hour, which are the customary rates charged by said firm. The hourly rates now being charged are subject to periodic adjustments to reflect economic and other conditions, and, on occasion, to reflect the firm members' increased experience and expertise. A copy of the Attorney Fee Agreement entered into between the Debtor and the Law Offices of Alan R. Smith is attached hereto.

  8. On March 4, 2014, Debtor paid the Law Offices of Alan R. Smith an advance retainer of $5,000.00, for bankruptcy advice, and ultimately commencement and prosecution of this Chapter 11 bankruptcy case.

  9. The Law Offices of Alan R. Smith has not been retained for pre-petition services.

WHEREFORE, Debtor prays that the employment of the Law Offices of Alan R. Smith, as counsel for the Debtor herein, be authorized, that said firm be compensated at reasonable rates as approved by the Court upon future application, and that they have such other relief as is just.

DATED this 18th day of March, 2014.

            LAW OFFICES OF ALAN R. SMITH

            By: */s/ Alan R. Smith*
              ALAN R. SMITH, ESQ.
              Proposed Attorney for Debtor

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\AT Emerald, LLC\Employ\App Emply ARS 031814-dlg.wpd    - 3 -

## CONSENT TO EMPLOYMENT OF ATTORNEY

I, ANTHONY THOMAS, Managing Member of the Debtor, AT EMERALD, LLC, have read the foregoing Application to Employ Attorney, and consent to the employment of the Law Offices of Alan R. Smith on the terms and conditions set forth in the Fee Agreement.

The Law Offices of Alan R. Smith do not hold or represent an interest adverse to the estate and the members thereof are disinterested persons as that phrase is defined in section 101(14) of the Bankruptcy Code. Such employment is necessary and in the best interests of the Debtor and its estate.

**DATED** this 23 day of March, 2014.

                                        AT EMERALD, LLC

                                        By: *Tony Thomas*
                                           ANTHONY THOMAS
                                           Managing Member

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\AT Emerald, LLC\Employ\App Empty ARS 031814-dlg.wpd     - 4 -

## **VERIFIED DECLARATION OF ATTORNEY**

I, ALAN R. SMITH, ESQ., declare under penalty of perjury that the assertions of this statement are true.

1. That Declarant is an attorney at law licensed to practice in the above-entitled Court, and a member of the Law Offices of Alan R. Smith, which firm Debtor is seeking to employ to represent it in the above-entitled Chapter 11 case.

2. That to the best of Declarant's knowledge and belief, the Law Offices of Alan R. Smith does not hold or represent an interest adverse to the Debtor's estate and he is a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code in that Alan R. Smith, Esq.:

   a. Is not a creditor, equity security holder or insider of the Debtor(s);

   b. Is not and was not investment bankers for any outstanding security of the Debtor(s);

   c. Has not been, within three (3) years before the date of the filing of the Debtor's Chapter 11 petition (i) investment bankers for a security of the Debtor, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor;

   d. Is not and was not, within two (2) years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

   e. Does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in the subparagraph (b) or (c) of this paragraph.

3. The Law Offices of Alan R. Smith represent the Managing Member of the Debtor, Anthony Thomas, in a related case, Case No. 14-50333. Anthony Thomas is not a creditor of the Debtor and the Debtor is not a creditor of Anthony Thomas.

///
///
///
///
///
///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\AT Emerald, LLC\Employ\App Emply ARS 031814-dlg.wpd    - 5 -

4.      To the best of Declarant's knowledge and belief, the Law Offices of Alan R. Smith has no connection with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

DATED this 18th day of March, 2014.

                                    /s/ Alan R. Smith
                                  ALAN R. SMITH, ESQ.

REVIEWED: [Re: AT EMERALD, LLC]

*William B Cossitt* (signature)

William B. Cossitt, Esq., #3484
Trial Attorney for United States Trustee
Tracy Hope Davis

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\AT Emerald, LLC\Employ\App Emply ARS 031814-dlg.wpd     - 6 -

# ATTORNEY FEE AGREEMENT
(Chapter 11)

THIS AGREEMENT is made effective this 23rd day of March, 2014, by and between

Name:   AT EMERALD, LLC

Address:   7725 Peavine Court, Reno, NV 89523

(referred to herein as "Client") and the Law Offices of Alan R. Smith (referred to herein as "Attorney").

    1.   <u>Services To Be Provided By Attorney</u>.

Client hereby engages Attorney to provide all legal services reasonably required to represent Client in connection with Client's reorganization case under Chapter 11 of the Bankruptcy Code (hereinafter the "Matter"). Such services shall include services as necessary in Attorney's discretion, including, if applicable: consultation, pre-petition planning, and preparation of the initial petition, preparation of schedules and statements, defense of motions for relief from stay, preparation of a plan of reorganization and a disclosure statement, assisting in the implementation of a confirmed plan, and such other matters as may be necessary in order to effectively reorganize and to comply with the requirements of the Bankruptcy Code. In order to enable Attorney to effectively render these services, Client shall be truthful with Attorney in discussing the Matter and shall keep Attorney apprized of all developments regarding the Matter. The Client shall specifically

advise Attorney immediately if Client is unable to pay ongoing expenses for operation of its business post-petition, particularly including (without limitation) payment of Internal Revenue Service employee income and withholding taxes or any other applicable taxes, rent or mortgage payments and other secured debt(s), lease obligations, salaries, purchase of necessary goods, and payment of necessary services. The Client shall otherwise cooperate with Attorney in the Matter and shall be reasonably available to attend meetings, court appearances, or other proceedings in connection with the Matter. Client hereby acknowledges that Attorney is not Client's general counsel and that acceptance of this engagement by Attorney does not involve representation of Client or Client's business interests in any matter other than the subject reorganization case.

    2.    <u>Fees</u>.

        a.    As compensation for the services to be performed by Attorney pursuant to Section 1 above, Client agrees to pay fees to Attorney at the basic hourly rate set forth on the Schedule, subject to periodic changes as provided herein and subject to adjustment as provided by Section 2(b) below. The basic hourly rates set forth in the Schedule are subject to periodic adjustments to reflect economic and other conditions, and, on occasion, to reflect the firm member's increased experience and expertise. The Attorney shall give Client thirty (30) days' notice of any such change, and Client shall be presumed to have agreed to the new basic hourly rates if Client does not advise Attorney in writing within thirty days following receipt of the notice.

b. Time for legal personnel is charged in the minimum increments of one-tenth (1/10th) of an hour, except as may be otherwise noted on the Schedule with respect to a specific task.

c. The time billed to Client by Attorney may include, without limitation, time spent waiting in court, time spent in travel, and time spent in office conferences between or among the legal personnel assigned to the Matter and time spent in strategizing the case. When such personnel engage in office conferences, each person will charge for his or her time expended. Likewise, if more than one of the Attorney's legal personnel attends a meeting, court hearing or other proceeding, each will charge for his or her time. Attorney shall assign legal personnel to the Matter solely in Attorney's judgment.

d. Client hereby acknowledges that although Attorney may, from time to time for Client's convenience, furnish Client with estimates of the amounts of fees which Attorney anticipates will be charged with respect to services to be performed under this Agreement, Attorney is not obligated to do so, and such estimates are by their nature inexact and are not binding on either Attorney or Client.

3. <u>Costs and Expenses</u>.

Client agrees to pay Attorney, in accordance with this Section 3, all costs and expenses incurred in performing legal services in connection with the Matter. Such costs and expenses may include, without limitation, long distance telephone or conference calls; messenger and other delivery fees; facsimile charges; postage; court docket services (i.e.,

PACER); client-specific office supplies and materials; charges for computer research and data retrieval and outside assisted legal research; travel expenses such as mileage, parking, air fare, meals and hotel accommodations (travel charges shall be in addition to the hourly rates for travel time); photocopying and other reproduction charges; clerical staff overtime; overtime charges for word processing services; charges for computer time; process service fees; filing fees and other charges assessed by courts and other public agencies; court reporter fees; jury fees; witness fees; investigator fees; expert fees or consultant fees; and similar items. Except as may be listed on the Schedule, all such items will be charged to Client as Attorney's costs and the Attorney shall be reimbursed therefor.

4.   Retainer / Funds In Trust.

Client hereby agrees to pay, upon execution of this Agreement, a retainer in the amount as indicated on the attached schedule (the "Schedule"), which shall be placed in a trust account (the "Retainer"). This Agreement shall not become effective until Attorney receives such retainer. The Retainer shall be held in trust for Attorney, which shall be considered a retaining trust in accordance with Nevada law. All fees earned pre-petition shall be immediately paid from the Retainer. All post-petition fees shall be subject to approval of the Bankruptcy Court in accordance with 11 U.S.C. § 330. Disbursements shall be immediately made from Retainer to pay post-petition fees as approved by the Bankruptcy Court. Additional deposits to the retainer may be made by client post-petition subject to notice as required by Fed.R.Bankr.P. 2016, and such other order of the Bankruptcy Court as

may be required. After satisfaction of any invoices that are outstanding at the conclusion of the representation, any unused portion of the Retainer shall be refunded to Client, unless otherwise required by the Bankruptcy Court or Bankruptcy Code.

5. <u>Billings</u>.

Attorney will send Client an invoice for fees and costs incurred on a monthly basis. Attorney's invoices shall clearly state the basis thereof, including a description of the services, amount of time spent for the service, and rate and basis for calculation of Attorney's fees. Client agrees to pay Attorney at the normal hourly rates for any time spent by Attorney in attempting to collect unpaid fees and costs owed by Client. A $25.00 administrative fee shall be assessed on all checks returned by Client's bank for any reason as well as all bank charges assessed in connection therewith.

6. <u>Disclaimer</u>.

Attorney has made no promises or guarantees to Client concerning the outcome of the Matter, and nothing in this Agreement shall be construed as such a promise or guarantee.

7. <u>Termination of Service</u>.

a. Client shall have the right at any time to terminate Attorney's services upon written notice to Attorney, and Attorney shall immediately after receiving such notice cease to render additional services. Such termination shall not, however, relieve Client of the obligation to pay the fees due for services rendered and costs incurred prior to such

termination.

  b. If Client fails to meet any of Client's obligations under this Agreement, Attorney shall have the right to terminate this Agreement, and Client shall take all steps necessary to free Attorney of any obligation to perform further, including, without limitation, the execution of any documents necessary to complete Attorney's discharge or withdrawal. The right of Attorney hereunder is in addition to those created by statute or recognized by rules of professional conduct.

  c. If Attorney is required to commence an action to collect unpaid fees, Attorney shall be entitled to fees and costs associated with such collection.

  d. If Attorney determines that Client's business is operating at a loss post-petition, Attorney shall have the right to terminate its representation of Client.

  e. If Attorney determines, in his sole discretion, that Client will be unable to pay current outstanding billings of Attorney, or billings reasonably projected to be incurred by Attorney in the future, Attorney shall have the right to terminate its representation of Client.

  f. Following plan confirmation, Attorney is not Client's attorney of record. However, if Attorney continues to render services to Client, Attorney shall be paid in accordance with this Agreement.

///

///

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below.

ATTORNEY:

LAW OFFICES OF ALAN R. SMITH

Dated: March 23, 2014.    By _____
ALAN R. SMITH, ESQ.

CLIENT:

AT EMERALD, LLC

Dated: March ____, 2014.    By  See attached
ANTHONY THOMAS
Managing Member

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below.

ATTORNEY:

LAW OFFICES OF ALAN R. SMITH

Dated: March _____, 2014.  By_____
                                     ALAN R. SMITH, ESQ.

CLIENT:

AT EMERALD, LLC

Dated: March 23, 2014.  By *(signed)* Tony Thomas
                                     ANTHONY THOMAS
                                     Managing Member

# SCHEDULE

## DESCRIPTION OF MATTER AND SCHEDULE OF RATES

(Chapter 11)

1. <u>Matter</u>.

   Representation of Debtor(s) in all aspects of Chapter 11 reorganization and proceedings in connection therewith.

2. <u>Fees</u>.

   | | |
   |---|---|
   | Alan R. Smith, Esq. | $500.00 per hour |
   | Holly E. Estes, Esq. | $300.00 per hour |
   | Peggy L. Turk/Paralegal | $210.00 per hour |
   | Debra L. Goss/Paralegal | $150.00 per hour |
   | Other Paraprofessional Services | $130.00 per hour |

3. <u>Retainer Deposit</u>.

   $5,000.00 (Includes the Chapter 11 filing fee of $1,213.00).