NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
State Bar #CA 117234
WILLIAM B. COSSITT, #3484
Office of the United States trustee
300 Booth Street, Room 3009
Reno NV  89509
Telephone: (775) 784-5335
Fax: (775) 784-5531

Attorneys for United States Trustee
Tracy Hope Davis

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | Case no: BK-N-14-50331-BTB |
|---|---|
| AT EMERALD, LLC, | Chapter 11 |
| | US TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7 |
| | Hearing Date: July 30, 2014 |
| | Hearing Time: 2:00 p.m. |
| Debtor. | Est. Time Req.: 20 min. |

The United States Trustee ("US Trustee"), hereby submits her Motion To Convert Case To Chapter 7 ("Motion"), based upon the Debtor's failure to maintain liability insurance, 11 U.S.C. § 1112(b)(4)(C), comply with the requirements of the Bankruptcy Code, and the United States Trustee Program Guidelines ("Guidelines").

This Motion is based upon the following points and authorities, together with the entire record in these cases, of which the US Trustee respectfully requests the Court take judicial notice, and such evidence as may be introduced at the hearing on this motion.

**POINTS AND AUTHORITIES**

Pursuant to 28 U.S.C. § 586(a)(3), the US Trustee is charged with supervising the administration of cases and trustees under the Bankruptcy Code.  To enable the US Trustee to

1

carry out that duty, Congress has granted the US Trustee standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Bankruptcy Code. 11 U.S.C. § 307. Pursuant to 28 U.S.C. § 586(a)(8), "in any case in which the United States trustee finds material grounds for relief under section 1112 of title 11, the United States trustee shall apply promptly after making that finding to the Court for relief."

### Statement of Facts:

1. The Debtor filed voluntary bankruptcy under chapter 11 on March 4, 2014. Docket #1.

2. The US Trustee was advised that the Debtor does not maintain insurance on its main asset, an emerald which based on appraisal value exceeds $200,000,000. Docket #1, Schedule B.

3. The US Trustee has contacted the Debtor requesting insurance.

4. Attached hereto as Exhibit "A" is a true and correct copy of the response received.

5. To date, proof of insurance coverage has not been provided to the US Trustee.

### Application of facts and legal authorities:

Pursuant to 11 U.S.C. Section 1112(b)(4)(C), the Debtor's "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is cause for dismissal or conversion of this case to chapter 7. Guideline 4.4.7 states:

> **4.4.7. INSURANCE COVERAGE:** Debtor shall obtain or maintain sufficient insurance coverage to protect the assets of the estate. "Sufficient insurance" means insurance that is sufficient to cover the full value of the asset, not just the amount of any secured interest.
> (a) Where appropriate, Debtor shall obtain or maintain, as appropriate, general liability, casualty, … insurance.
> (b) Within fifteen (15) days of the commencement of the case, Debtor shall provide to the United States Trustee copies of the declaration pages of all applicable insurance policies or binders, together with the expiration date for each, showing Debtor as a named insured of a current policy.

2

      (c) Debtor shall provide to the United States Trustee updated proof of insurance as such policies expire by attaching copies of the new declaration page to the Monthly Operating Report.

      (d) Debtor shall immediately notify the United States Trustee of any changes in insurance coverage.

Attached Exhibit "A" confirms that the Debtor has been requested to obtain insurance on the emerald.

Cause therefore exists for conversion of this case to chapter 7 for the protection of the bankruptcy estate and the creditors.

## CONCLUSION

WHEREFORE, for all the reasons stated above, the US Trustee respectfully requests the Court convert this case to chapter 7, and grant such other relief as the Court deems proper.

DATED this 30th day of April, 2014.

                Respectfully submitted,

                Nicholas Strozza
                State Bar # CA 117234
                William B. Cossitt
                State Bar #3484
                300 Booth Street, #3009
                Reno NV 89509
                (775) 784-5335

                /s/ WILLIAM B. COSSITT
                _____
                Attorneys for United States Trustee
                Tracy Hope Davis

# CERTIFICATE OF SERVICE

1. On April 30, 2014 I served the foregoing US TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7.

2. I served the above-named document( by the following means to the persons as listed below:

☑     a. ECF System:

TIMOTHY A LUKAS    ecflukast@hollandhart.com
ALAN R SMITH    mail@asmithlaw.com
U.S. TRUSTEE - RN - 11    USTPRegion17.RE.ECF@usdoj.gov

☑     b. U.S. Mail, postage fully prepaid:

AT EMERALD, LLC
7725 PEAVINE PEAK COURT
RENO, NV 89523

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 30th day of April, 2014.

/s/ Robbin Little
ROBBIN LITTLE

4

Case 14-50331-btb    Doc 27    Entered 04/30/14 16:12:32    Page 5 of 6



**Cossitt, Bill (USTP)**

| | |
|---|---|
| **From:** | Holly Estes <estes@asmithlaw.com> |
| **Sent:** | Wednesday, April 02, 2014 3:49 PM |
| **To:** | Cossitt, Bill (USTP); mail@asmithlaw.com |
| **Cc:** | Strozza, Nick (USTP); Kinne, Kristine (USTP) |
| **Subject:** | RE: At Emerald, LLC 14-50331 insurance coverage for emerald |

I will make this request to my client.

Best,

Holly

**From:** Cossitt, Bill (USTP) [mailto:Bill.Cossitt@usdoj.gov]
**Sent:** Monday, March 31, 2014 4:33 PM
**To:** estes@asmithlaw.com
**Cc:** Strozza, Nick (USTP); Kinne, Kristine (USTP)
**Subject:** At Emerald, LLC 14-50331 insurance coverage for emerald

3/31/14

Dear Holly:

The US Trustee, pursuant to US Trustee Guideline 4.4.7, requires proof of insurance coverage for the emerald. Please advise me of whether the Debtor will obtain insurance.

Bill Cossitt

1