**Entered on Docket**
**July 01, 2014**

# Exhibit A

## REDACTED COPY
## OF
## PURCHASE AND SALE AGREEMENT

## PURCHASE AND SALE AGREEMENT

This Purchase And Sale Agreement (hereinafter the "Agreement") is made this 19th day of June, 2014, by and between AT EMERALD, LLC, a Nevada limited liability company (hereinafter "AT Emerald"), and ███████████████████████████ ███████████. This Agreement is based upon the following recitals:

### RECITALS

WHEREAS, AT Emerald is the owner of a certain emerald described herein below; and

WHEREAS, AT Emerald desires to sell and ███ desires to purchase the emerald as hereinafter described; and

WHEREAS, AT Emerald is currently a debtor-in-possession in the bankruptcy case entitled In re AT Emerald, LLC, Case Number BK-N-14-50331-BTB (the "Bankruptcy Case").

NOW, THEREFORE, the parties hereto agree as follows:

1. <u>Description of Assets to be Sold</u>

Subject to the conditions hereinafter set forth, AT Emerald agrees to sell and ███ agrees to purchase a certain 21,000 carat emerald matrix (the "Emerald") which is currently located at Sarasota Vault, 640 South Washington Blvd., Suite 125, Sarasota, Florida, 34236 (hereinafter the "Storage Vault").

2. <u>Purchase Price and Terms</u>

The purchase price for the Emerald shall be the sum of ████████████████ ████████████ payable in cash or cash equivalent in the manner set forth below.

-1-



3.  **Conditions Precedent**

A) Within ten (10) days following the execution of this Agreement, ███ shall inspect the Emerald at the Storage Vault. AT Emerald shall cooperate in arranging such inspection at a mutually agreeable time. ███ shall be entitled to bring such gemologist or other experts as ███ shall deem necessary to conduct its own inspection of the Emerald. ███ acknowledges that it has not relied upon any representations of AT Emerald concerning the condition of the Emerald, and relies solely upon its own inspection of the Emerald. On or before 5:00 p.m. PST on the eleventh day following the execution of this Agreement, ███ shall provide notice by email whether it is satisfied with the condition of the Emerald. If ███ is satisfied with the condition of the Emerald, escrow shall close in the manner set forth herein below. If ███ indicates it is dissatisfied with the condition of the Emerald, this Agreement shall be null and void, and all obligations of the parties hereunder shall be deemed canceled.

B) Within ten (10) days following the execution of this Agreement, ███ shall provide to AT Emerald evidence of its financial ability to consummate this transaction in a manner satisfactory to AT Emerald. In the event AT Emerald is not satisfied in its sole discretion that ███ has the financial ability to consummate this transaction, AT Emerald shall provide email notice to ███ that the transaction is canceled, and in such event this Agreement shall be null and void and all obligations of the parties hereunder shall be cancelled.

C) This Agreement shall be subject to and conditional upon entry of an order approving the sale (the "Approval Order") by the Bankruptcy Court in the Bankruptcy Case. AT Emerald shall be responsible for bringing the motion before the Court, and shall seek a hearing on shortened notice, with a hearing date to be within seven (7) days of the date of filing the motion, or as close thereto as possible.

–2–



4. <u>Close of Escrow</u>

Escrow shall close for this transaction ("Close of Escrow") within three (3) days following the entry of the Approval Order[or 3 days following the inspection and acceptance of the Emerald by ▮. Close of Escrow shall occur at the Law Offices of Alan R. Smith, Esq., or such other place as the parties shall mutually agree.

5. <u>Obligations of ▮ Prior to Closing</u>

Prior to Close of Escrow, ▮ shall cause to be deposited the sum of ▮ ▮ (the "Purchase Funds") ▮ into a segregated trust account entitled "At Emerald Trust Account" located at Wells Fargo Bank in Reno, Nevada and ▮ into bank account designated by AT Emerald LLC. Wiring or other transfer instructions shall be provided to ▮ within three (3) days following the execution of this Agreement.

6. <u>Obligations of AT Emerald Prior to Closing</u>

Prior to Close of Escrow, AT Emerald shall deliver to the law offices of Alan R. Smith, Esq., an executed Bill of Sale, transferring the Emerald from AT Emerald to ▮, or such other entity as ▮ so designates in writing prior to Close of Escrow, as well as written instructions to the Storage Vault (the "Storage Vault Instructions") representing that the Emerald has been sold to ▮ or its nominee, and authorizing ▮ or its nominee, complete access to the Emerald.

7. <u>Instructions to Escrow Agent</u>

The Law Offices of Alan R. Smith (hereinafter "Escrow Agent") is instructed as follows: On the closing date, Escrow Agent shall:

A) Deliver the Bill of Sale to ▮ or nominee, in a manner specified by ▮

B) Deliver the Storage Vault Instructions to ▮ in a manner identified by ▮

-3-



C) Maintain the ████████████████████ on deposit at Wells Fargo Bank pending further order of the Bankruptcy Court.

8. <u>Acknowledgment that Sale is "As Is"</u>

████ acknowledges that it has relied upon its own inspection of the Emerald in connection with this Agreement, and has not relied upon any representation whatsoever by AT Emerald, or any agent or affiliate of AT Emerald. ████ acknowledges that this sale is "as is," and that AT Emerald has made no warranty or other representation whatsoever regarding the condition or quality of the Emerald.

9. <u>Representations of AT Emerald</u>

A) AT Emerald represents that it is the true and lawful owner of the Emerald, and that, subject to the Approval Order, has the ability to transfer the Emerald free and clear of all liens and encumbrances.

B) That AT Emerald's managing member is Anthony G. Thomas (hereinafter "Thomas"), who has the authority to act on behalf of AT Emerald, and to execute all such documents as shall be required in connection with this transaction.

10. <u>Representations of</u> ████

A) ████ represents that it is a valid and currently chartered corporation, and that ██████████ has authority to act on behalf of ████, including authority to execute all documents as shall be required in connection with this transaction.

11. <u>Purchase Price Confidential</u>

The parties hereto agree that the amount of the purchase price shall remain confidential, and shall not be disclosed in any public filing. The parties agree that the purchase price may be disclosed to the Bankruptcy Judge only in a filing under seal.

-4-



12. **Governing Law**

This Agreement shall be construed and governed in accordance with the laws of the State of Nevada, as well as the laws of the United States of America as the same shall be applicable.

13. **Jurisdiction**

The parties hereto specifically consent to the jurisdiction of the United States Bankruptcy Court for the State of Nevada, Reno, Nevada, in connection with this Agreement, specifically including the enforcement of this Agreement and any claims associated therewith.

14. **Attorneys' Fees**

If any litigation arises out of or in connection with enforcement of this Agreement, the prevailing party shall be entitled to recovery its litigation costs, including expert witness fees and attorneys' fees.

DATED:- this 19th day of June, 2014

AT EMERALD, LLC



By: /s/ Tony Thomas
ANTHONY G. THOMAS
Managing Member

DATED:- this 19th day of June, 2014

By: ███████



-5-