ALAN R. SMITH, ESQ., #1449
HOLLY E. ESTES, ESQ. #11797
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone: (775) 786-4579
Facsimile: (775) 786-3066
**email: mail@asmithlaw.com**

*Electronically Filed*
*December 10, 2014*

Former Counsel For Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS,<br><br>    Debtors.<br>_____/<br><br>In re:<br><br>AT EMERALD, LLC,<br><br>    Debtor.<br><br>_____/ | Case No. BK-N-14-50333-BTB<br>Chapter 11<br><br><br>Case No. BK-N-14-50331-BTB<br>Chapter 11<br><br>[Jointly Administered]<br><br>**REPLY TO OBJECTION TO APPLICATION FOR COMPENSATION OF ATTORNEY FOR DEBTORS (ALAN R. SMITH) AND JOINDER**<br><br>Hearing Date:   December 17, 2014<br>Hearing Time:   10:00 a.m. |

Applicant, ALAN R. SMITH, ESQ., hereby submits the following reply to the Objection To Application For Compensation Of Attorney for Debtors (Alan R. Smith) filed by Kenmark Ventures, LLC ("Kenmark") [Doc. 221] on November 24, 2014, and the Joinder With Kenmark Ventures, LLC's Objection To Application For Compensation Of Attorney For Debtors (Alan R. Smith) filed by John Beach, Trustee of the Beach Living Trust dated January 22, 1999 ("Beach") [Doc. 224] filed December 3, 2014.

/ / /

/ / /

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Thomas\Fees\Rply (omnibus) Opp Fee App ARS 121014.wpd

## POINTS AND AUTHORITIES

In Applicant's First and Final Application By Attorney For the Debtor (Anthony Thomas and Wendi Thomas)To Approve Compensation [DE 231], Supplement To First And Final Application By Attorney For Debtor To Approve Compensation (Alan R. Smith) [DE 226], Applicant's First and Final Application By Attorney for the Debtor (AT Emerald) To Approve Compensation [DE 79], and Supplement To First And Final Application By Attorney For Debtor To Approve Compensation (Alan R. Smith) [DE 89] (together the "Fee Applications"), Applicant requests approval for fees and costs in the amount of $36,593.08 and $45,296.28 respectively. Kenmark and Beach do not object to the reasonableness of Applicant's fees. Instead, Kenmark and Beach object to Applicant's Fee Applications alleging that the *Debtors* filed their cases in bad faith because there was no possibility for confirmation of a plan without the sale of the Thomas Emerald, that Applicant allegedly failed to conduct due diligence, took unjustifiable positions regarding the Debtors, and took actions that benefitted the Debtors at the expense of the creditors and the estates. As discussed below, Kenmark's objections are without merit.

The bankruptcy court has wide discretion over whether to allow fees. In re Crown Oil, Inc., 257 B.R. 531, 541 (Bankr. D. Mont. 2000); In re Columbia Plastics, Inc., 251 B.R. 580, 591 (Bankr. W.D. Wash 2000); In re Lewis, 113 F.3d 1040, 1046 (9th Cir. 1997). Courts do not expect attorneys to succeed in every endeavor he undertakes on behalf of the client. In re Crown Oil, Inc., 257 B.R. 531 (Bankr. D. Mont. 2000); In re Hunt, 124 B.R. 253, 267 (Bankr. S. D. Ohio 1990). As the Ninth Circuit Bankruptcy Appellate Panel wrote: "The applicant must demonstrate only that the services were 'reasonably likely to benefit the estate at the time the services were rendered." Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co., (In re Mednet), 251 B.R. 103, 108 (9th Cir. BAP 2000).

The "benefit" to the estates is not restricted to only a monetary benefit. A debtor's counsel should be compensated for services performed in carrying out the

**Law Offices of**
**ALAN R. SMITH**
**505 Ridge Street**
**Reno, Nevada 89501**
**(775) 786-4579**

H:\Thomas\Fees\Rply (omnibus) Opp Fee App ARS 121014.wpd    - 2 -

requirements of the Bankruptcy Code and Rules. In re Crown Oil, Inc., 257 B.R. at 540; Keate v. Miller (In re Kohl), 95 F.3d 713, 715 (8TH Cir. 1996); In re Holder, 207 B.R. 574, 584 (Bankr. M.D. Tenn 1997). It is therefore important to consider whether the services rendered "promoted the bankruptcy process or administration of the estate in accordance with the practice and procedures provided under the Bankruptcy Code and Rules for the orderly and prompt disposition of the bankruptcy cases and related adversary proceedings." Crown Oil, 257 B.R. at 540; In re Holder, 207 B.R. at 584 (quoting In re Spanjer Bros., Inc., 203 B.R. 85, 90 (Bankr. N.D. Ill 1996)).

At the time Applicant undertook representation of the Debtors, Applicant believed that filing the Debtors' cases under Chapter 11 (rather than Chapter 7) was appropriate, and that the Thomas Emerald could be sold and used to successfully fund a Chapter 11 plan of reorganization or liquidation. Applicant diligently and competently filed all required documentation commencing and maintaining the Chapter 11 cases, and obtained joint administration of the cases to avoid unnecessary duplication of services which directly benefitted the estates.

Within three months after the commencement of the cases, the Debtors negotiated what Applicant believed, based upon the representations of the Debtors and documents provided, to be a viable sale of the emerald. Applicant in good faith filed the appropriate motion and related documentation to obtain court approval of the sale. Applicant also obtained a short extension to file and confirm plans pending approval of the sale. Applicant believed these services were reasonably likely to benefit the Debtors' estates.

After the sale motion was filed, Kenmark and Beach filed a motion to appoint a Chapter 11 trustee, based upon their allegation that the Debtors' were mismanaging their estates because the proposed purchaser of the emerald would not allow Beach to inspect the emerald during the pending sale. Applicant opposed the appointment of a Chapter 11 trustee on behalf of the Debtors because he believed that the appointment of a Chapter 11 trustee would be costly and burdensome to the estate, and therefore his services were reasonably likely to benefit the estate. Although the court ultimately converted the cases,

1  the Court did not approve the appointment of a Chapter 11 trustee.

2  The fact that cases were converted to Chapter 7 should also not deprive Applicant
3  of his compensation for services performed during the Chapter 11.  It is well established
4  that it is not necessary to have a successful reorganization in order for a debtor's counsel
5  to be awarded his fees.  In re Crown Oil, Inc., 257 B.R. 531 (Bankr. D. Mont. 2000); In
6  re Berg, 268 B.R. 250 (Bankr. D. Mont. 2001).   The fact that a Chapter 11 plan was not
7  ultimately confirmed does not, by itself, bar recovery of compensation for services
8  performed in the Chapter 11 case.  Id.

9  Applicant did not delay the cases knowing that plans could not be confirmed.  At
10 the time Applicant performed services on behalf of the Debtors, he believed that the
11 cases could be successfully reorganized.  However, during the course of his
12 representation of the Debtors, Applicant and the Debtors' communication eventually
13 broke down and the Debtors became very difficult to manage.  As a result, Applicant
14 withdrew from both cases.

15 There has been no bad faith on Applicant's part.  There has also been no previous
16 allegations or findings that the Debtors themselves have acted in bad faith in filing for
17 Chapter 11 bankruptcy protection.  Even if it was determined that the Debtors
18 mismanaged their estates, Applicant is not responsible for that conduct.  See, In re
19 Crown Oil, Inc., 257 B.R. at 543 (Attorneys and other professionals should not
20 necessarily be blamed for lack of management and the lack of success of a Chapter 11
21 debtor).

22 WHEREFORE, based upon the foregoing, compensation to Applicant should be
23 approved.

24 DATED this 10th day of December, 2014.

25                                    LAW OFFICES OF ALAN R. SMITH
                                          *Holly E. Estes, Esq.*
26                                    By_____
                                          HOLLY E. ESTES, ESQ.
27                                        Applicant/Former Counsel for Debtors

28

**Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579**

H:\Thomas\Fees\Rply (omnibus) Opp Fee App ARS 121014.wpd    - 4 -