ALAN R. SMITH, ESQ., #1449
HOLLY E. ESTES, ESQ. #11797
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada  89501
Telephone: (775) 786-4579
Facsimile: (775) 786-3066
email: **mail@asmithlaw.com**

*Electronically Filed*
*December 10, 2014*

Former Counsel For Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

In re:

ANTHONY   THOMAS   and   WENDI
THOMAS,

        Debtors.
_____/

Case No.  BK-N-14-50333-BTB
Chapter 11

Case No. BK-N-14-50331-BTB
Chapter 11

In re:

AT EMERALD, LLC,

        Debtor.

_____/

[Jointly Administered]

**DECLARATION OF ALAN R.
SMITH IN SUPPORT OF REPLY TO
OBJECTION TO APPLICATION
FOR COMPENSATION OF
ATTORNEY FOR DEBTORS (ALAN
R. SMITH) AND JOINDER**

Hearing Date:     December 17, 2014
Hearing Time:    10:00 a.m.

        I, ALAN R. SMITH, hereby declare under penalty of perjury that the following

assertions are true:

        1.        I was the court appointed general counsel for the Debtors in the above-

captioned Chapter 11 cases.  I have personal knowledge of the facts herein stated, and if

called to testify as to such facts I would and could do so competently.

        2.        Upon meeting with the Debtors and after hearing their financial

circumstances, assets and liabilities, I determined, based upon my experience and the

H:\Thomas\Fees\Decl ARS Rply (omnibus) Opp Fee App ARS 121014.wpd

Debtors' circumstances that it was appropriate to file chapter 11 petitions for bankruptcy protection.

3.      In my initial meetings with the Debtors I was informed that Anthony Thomas had a broker working with several interested purchasers, and Anthony Thomas projected that the Thomas Emerald could be sold in a matter of weeks.

4.      My firm and I undertook all work to ensure that the chapter 11 cases were being properly administered.  Further, my firm and I acted in the best interest of creditors and the estate by preserving the Thomas Emerald to be sold for the benefit of all creditors.

5.      At all times during the course of my representation of the Debtors I understood that the Thomas Emerald was an extremely valuable asset of the Debtors.  If sold, the proceeds from the sale of the Thomas Emerald would have been more than sufficient to pay all creditors in both cases in full.

6.      Pursuant to the Motion To Withdraw As Attorney Of Record, the Debtors failed substantially to fulfill various obligations to me as specified in our engagement agreement. Specifically, Debtors failed to communicate timely and effectively with my office.  Further, the Debtors and myself came to an impasse regarding certain aspects of my representation that I believed could not be overcome.  Because of the difference in opinion as how best to proceed in these cases, I could no longer effectively represent the Debtors.  As a result an adversarial relationship developed, and I sought withdrawal.  My motion to withdrawal was heard on the same date and time as the motion to appoint chapter 11 trustee, August 22, 2014 at 2:00 p.m.

7.      All assets of the Debtors were maintained for the benefit of creditors in these cases.

DATED this 10th day of December, 2014.

By:_____*/s/ Alan R. Smith*_____
ALAN R. SMITH, ESQ.
Former Counsel For Debtors

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Thomas\Fees\Decl ARS Rply (omnibus) Opp Fee App ARS 121014.wpd                    2