Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Fax: (775) 324-1818
notices@bankruptcyreno.com

Attorney for Jeri Coppa-Knudson, Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | CASE NO.   BK-N-14-50331-BTB<br>CHAPTER    7 |
| AT EMERALD, | |
|     Debtor.<br>_____/ | |
| JERI COPPA-KNUDSON, TRUSTEE<br>FOR THE CHAPTER 7 ESTATE OF AT<br>EMERALD, LLC, | Adv. No. _____ |
|     Plaintiff, | **COMPLAINT TO AVOID<br>PREFERENTIAL TRANSFER** |
| vs. | |
| JOHN BEACH, AS TRUSTEE OF THE<br>BEACH LIVING TRUST, | |
|     Defendant.<br>_____/ | |

    Jeri Coppa-Knudson, chapter 7 trustee for the estate of AT Emerald, LLC, Plaintiff in this proceeding, as and for her complaint against John Beach in his capacity as trustee of the Beach Living Trust dated January 22, 1999 ("Defendant" or "Beach Trust"), alleges as follows:

**<u>JURISDICTION</u>**

    1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a), and Local Rule 1001(b)(1). Venue is proper in this Court by reason of 28 U.S.C. § 1409.

2. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(H).

3. In accordance with F.R.Bankr.P. 7008 and LR 7008, Plaintiff consents to the entry by this Court of a final order or judgment.

**PARTIES**

4. Plaintiff is the duly appointed and acting chapter 7 trustee for the estate of AT Emerald, LLC ("ATE"). Pursuant to 11 U.S.C. § 323, Plaintiff is the representative of the estate and has the capacity to sue and be sued.

5. Plaintiff is informed and believes that, at all times relevant herein, the Defendant was a trust organized under the laws of California and that John Beach was a resident of the State of Nevada.

**RELEVANT FACTS**

6. AT Emerald, LLC ("ATE") filed its chapter 7 petition on March 4, 2014. The ATE Petition was filed by Anthony Thomas ("Thomas") in his capacity as the managing member of ATE.

7. ATE's Schedule B lists "ONE EMERALD BASED UPON APPRAISAL EXCEEDS $200,000,000". Plaintiff believes this is the emerald in which Defendant claims a perfected security interest.

8. On or about January 17, 2013, ATE, through its manager Thomas, executed a Promissory Note secured by Pledge and Security Agreement whereby ATE promised to pay to the Beach Trust the original principal sum of $500,000.00, together with all accrued interest, fees, and costs due thereunder.

9. In order to secure repayment of the Note, ATE executed a Pledge and Security Agreement wherein ATE granted to the Beach Trust a security interest in that certain 23 kilogram black schist stone including a green crystal beryl (natural emerald) of approximately 22,500 carats, which stone is commonly known as the "Thomas Emerald", referenced herein as the "Collateral".

10. The Beach Trust filed its UCC-1 Financing Statement with the Nevada Secretary of State as Document Number 2014003009-2 on February 4, 2014.

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

11. The original maturity date of the Note was January 17, 2014.

**CLAIM FOR RELIEF**

**11 U.S.C. § 547(b)**

12. Plaintiff repeats and realleges the allegations in paragraphs 1 through 11 as though fully stated herein.

13. Defendant loaned monies to ATE in January 2013.

14. Defendant perfected its security interest in the Collateral on February 4, 2014.

15. Approximately 30 days later, ATE filed its chapter 7 Petition on March 4, 2014.

16. As of March 4, 2014, Defendant was a creditor of ATE.

17. The debt owed to Defendant by ATE was an antecedent debt having been incurred more than one year prior to the Petition date.

18. Based upon § 547(f), ATE is presumed to have been insolvent during the 90 day period prior to the Petition Date and, more specifically, was insolvent on February 4, 2014.

19. The perfection by Defendant of its security interest on February 4, 2014 was a transfer of an interest in ATE's property by reason of § 101(54)(A).

20. The transfer represented by the perfection by Defendant of its security interest on February 4, 2014 was on account of an antecedent debt owed by ATE to Defendant.

21. If permitted to stand, the transfer to Defendant by means of the perfection of its security interest on February 4, 2014 would enable Defendant to receive more than it would receive if the perfection had not been made and Defendant received payment on the debt owed to it to the extent provided by the provisions of Title 11.

///

///

///

1   **WHEREFORE**, Plaintiff prays for relief as follows:

2   For an Order avoiding Defendant's security interest in the Collateral and determining

3   that its claim is an unsecured claim against the ATE estate and;

4   For such and further relief as the court shall deem just and proper.

5   DATED: August 31, 2016.

6                                       **HARTMAN & HARTMAN**

7

8                                       /S/ Jeffrey L. Hartman
                                    Jeffrey L. Hartman, Esq.
                                    Attorney for Jeri Coppa-Knudson,

9                                       Plaintiff

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

4